

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2011

# Michael Modena v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-3435

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Michael Modena v. USA" (2011). *2011 Decisions.* Paper 247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

GLD-014                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3435
_____

MICHAEL JOHN MODENA,
                                                                    Appellant

v.

UNITED STATES OF AMERICA, WARDEN WERLINGER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00153)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
October 14, 2011
Before:  FUENTES, GREENAWAY, JR., and STAPLETON, <u>Circuit Judges</u>

(Opinion filed: November 8, 2011)
_____

OPINION
_____

PER CURIAM

        Michael J. Modena, a pro se prisoner, appeals from the order of the United States

District Court for the Western District of Pennsylvania, which denied  his "Petition for

Writ of Habeas Corpus at Article One, Section Nine, Clause Two of the Organic

Constitution." For the reasons set forth below, we will summarily affirm the District Court's order. See I.O.P. 10.6.

## I.

Modena is presently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. In November 2009, he was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Western District of Michigan and was sentenced to seventy-two months of imprisonment. In July 2011, the United States Court of Appeals for the Sixth Circuit affirmed Modena's judgment of conviction and sentence. See United States v. Modena, Slip. Op. No. 10-1377 (6th Cir. July 14, 2011).

Before the Sixth Circuit issued its decision however, Modena filed a document in the United States District Court for the Western District of Pennsylvania titled "Petition for Writ of Habeas Corpus at Article One, Section Nine, Clause Two of the Organic Constitution." In the pleading, Modena claimed that his conviction and sentence were infirm on numerous grounds. Adopting the Magistrate Judge's recommendation, the District Court denied the petition, concluding that Modena's claims should have been raised in a motion pursuant to 28 U.S.C. § 2255 filed in the United States District Court for the Western District of Michigan. Modena timely appealed.

2

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. A motion pursuant to 28 U.S.C. § 2255 filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Modena has not shown that such a motion would be inadequate to address his claims. Therefore, the District Court properly determined that Modena's claims should have been raised via a § 2255 motion filed in the United States District Court for the Western District of Michigan.[1]

As Modena's appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4; I.O.P. 10.6. Modena motion for appointment of counsel is denied.

---

[1] We also conclude that the District Court correctly denied Modena's requests for injunctive relief because he failed to demonstrate any basis for granting such relief.